IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **DANIEL S. SARKISIAN**, and **DAWN L. SARKISIAN**, individuals, | Case No. 3:21-cv-1123-IM |
| Plaintiffs, | **OPINION AND ORDER GRANTING DEFENDANT NEWMAR CORPORATION'S MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| **NEWMAR INDUSTRIES, INC.**, aka **NEWMAR CORPORATION**, a foreign profit corporation, | |
| Defendant. | |

Sara Douglass, Lemon Law Group Partners, 10260 SW Greenburg Road, Suite 400 #522, Portland, OR 97223. Edward L. Ewald, 1198 South Creek Drive, Wixom, MI 48393. Attorneys for Plaintiffs.

Eric Scott DeFreest, Luvaas Cobb, 777 High Street, Suite 300, PO Box 10747, Eugene, OR 97440. Attorney for Defendant Newmar Corporation.

**IMMERGUT, District Judge.**

Before this Court is Defendant Newmar Corporation's ("Defendant") Motion for

Summary Judgment. On June 24, 2021, Daniel Sarkisian and Dawn Sarkisian (collectively,

"Plaintiffs") filed a Complaint in Marion County Circuit Court, alleging three claims against

PAGE 1 – OPINION AND ORDER GRANTING DEFENDANT NEWMAR
CORPORATION'S MOTION FOR SUMMARY JUDGMENT

Defendant stemming from their purchase of a recreational vehicle: a breach of factory warranty, a breach of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*, and violations of O.R.S. 646A.400 *et seq.* ("Lemon Law"). ECF 1, Ex. A at 5–7. This case was removed to this Court on July 30, 2021. ECF 1 at 3. This Court dismissed Plaintiffs' claims against a separate, previously named defendant by stipulation of the parties on September 10, 2021. ECF 9. Defendant moved for summary judgment on all of Plaintiffs' claims on March 17, 2023. ECF 52. Plaintiffs responded to that motion on April 14, 2023. ECF 59. Defendant replied on April 28, 2023. ECF 60.

As discussed below, this Court finds that Plaintiffs have failed to show that a genuine dispute of material fact exists regarding Defendant's alleged breach of the express warranty. The record shows that each time that Plaintiffs complained of an issue with their vehicle during the warranty period, their concerns were addressed, and Plaintiffs cannot make out a breach of express warranty claim for alleged defects that arose outside of the warranty period. Accordingly, Defendant is entitled to judgment in its favor on Plaintiffs' breach of warranty and Magnuson-Moss claims. Additionally, Plaintiffs cannot make out a claim under Oregon's Lemon Law Act, because the alleged remaining defects are exempt from the statute's coverage. This Court therefore finds that Defendant is entitled to judgment in its favor on all of Plaintiffs' claims.

**STANDARDS**

Under Federal Rule of Civil Procedure 56, a party is entitled to summary judgment if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court views the evidence in the light most favorable to the non-movant and draws all reasonable inferences in the non-movant's favor.

*Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1257 (9th Cir. 2001) (citation omitted). While a court must view the evidence in the light most favorable to the non-movant, a court "need not draw *all* possible inferences in [the non-movant's] favor, but only all *reasonable* ones." *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 n.10 (9th Cir. 2002) (emphasis in original) (citing *O.S.C. Corp. v. Apple Comput., Inc.*, 792 F.2d 1464, 1466–67 (9th Cir. 1986)). Nevertheless, a district court must deny summary judgment where it finds that a reasonable trier of fact could find in favor of the non-moving party, "even if it seems unlikely that a [factfinder] *would* do so." *McIndoe v. Huntington Ingalls Inc.*, 817 F.3d 1170, 1176 (9th Cir. 2016) (emphasis in original).

"Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The "mere existence of a scintilla of evidence in support of the plaintiff's position," however, "[is] insufficient" to create a genuine dispute of material fact. *Id.* at 252. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiffs are a couple residing in Washington State. ECF 1, Ex. A at ¶ 1. On or about August 5, 2019, Plaintiffs purchased a new 2019 Newmar New Aire Motorhome ("Vehicle") from a dealership in Junction City, Oregon. *Id.* at ¶ 4; *id.* at 9. The Vehicle was accompanied by a limited one-year unlimited mile warranty and a limited five-year structural warranty by Defendant. *Id.* at ¶ 5; *id.* at 14. The one-year warranty allows any "manufacturing defect within

PAGE 3 – OPINION AND ORDER GRANTING DEFENDANT NEWMAR
CORPORATION'S MOTION FOR SUMMARY JUDGMENT

twelve (12) months from the original retail owner's date of purchase[] [to] be repaired without charge[.]" ECF 53, Ex. 1. The limited five-year structural warranty covers only the Vehicle's superstructure, which is defined as "the steel/aluminum structure of the sidewall, roof or frame . . . ." ECF 1, Ex. A at 14.

Plaintiffs' Vehicle needed the inverter inspected on August 16, 2019, which an independent dealer addressed under the warranty. ECF 49 at ¶ 4. Plaintiffs also had concerns with the alignment on August 29, 2019, which the same independent dealer also addressed under the warranty. *Id.* at ¶ 5. On five other occasions ranging from September 13, 2019, to August 4, 2021, Plaintiffs encountered issues with their SilverLeaf electronic control panel ("SilverLeaf"), which controlled living facility components. *Id.* at ¶¶ 7–12. All of these issues were addressed by the same independent dealer, and the SilverLeaf was operational on each inspection or repair attempt. *Id.* Plaintiffs also claimed that they encountered issues with their back-up camera as recently as 2022, which is displayed on the SilverLeaf. ECF 59-5, Ex. D at 19. However, the technicians stated that issue was not because of the SilverLeaf. *Id.*

## DISCUSSION

### A. Breach of Warranty Claim

Defendant contends that it is entitled to summary judgment on Plaintiffs' breach of warranty claim because the record contains insufficient evidence to establish any continuing defect or any breach of the Newmar Limited Warranty. ECF 52 at 7. Defendant argues that Plaintiffs "have acknowledged that all of their presented concerns with the New Aire were timely repaired during the warranty period" and that those repairs have been successful "except for [Plaintiffs'] concern of having subsequent intermittent issues with the SilverLeaf electronic control panel." *Id.* at 6. Defendant further contends that although Plaintiffs continue to raise

concerns regarding the state of the SilverLeaf system, "[that] system has been evaluated multiple times by repair personnel [who] were unable to duplicate the problem or identify any continuing defect." *Id.* at 6–7. Plaintiffs, for their part, respond that Defendant's breached the warranty by failing to repair the Vehicle in a reasonable amount of time or at all, because the SilverLeaf system continues to malfunction. ECF 59 at 6.

"The elements of a cause of action for breach of warranty are: (1) a warranty; (2) breach of that warranty; (3) notice to the warrantor of the breach; and (4) damages proximately caused by the breach." *Wagner Tractor, Inc. v. Shields*, 381 F.2d 441, 443–44 (9th Cir. 1967) (citation omitted). The parties do not dispute that Plaintiffs have presented sufficient evidence to establish the first and third elements of the claim. *See* ECF 59 at 5; ECF 60 at 3. The parties do dispute whether a genuine dispute of material fact exists regarding whether Defendant breached the warranty, and, if so, whether Plaintiff can show damages proximately caused by that breach. ECF 60 at 3.

This Court finds that no genuine dispute of material fact exists regarding Defendant's alleged breach of express warranty.[1] An "express warranty broadly includes any description of the goods, affirmation of fact, or promise that becomes part of the basis of the bargain[,]" and does not need to include the words "warrant" or "guarantee." *Hunter v. Woodburn Fertilizer, Inc.*, 208 Or. App. 242, 247 (2006) (citing O.R.S. 72.3130). Courts in this District have held that express warranties only cover repairs made during the applicable period written in the warranty. *Benson Tower Condo. Owners Ass'n v. Victaulic Co.*, No. 3:13-CV-01010-SI, 2014 WL 5285475, at *8 (D. Or. Oct. 15, 2014).

---

[1] Plaintiffs alleged only a general Breach of Factory Warranty claim as related to Defendant's express one-year unlimited mile warranty and five-year structural warranty, and did not specifically allege a breach of implied warranty. ECF 1, Ex. A at ¶¶ 19–20.

The undisputed evidence in the record shows that Plaintiffs took the Vehicle in for repairs three times within the applicable twelve-month express warranty period, which ran from August 5, 2019, when Plaintiffs purchased the vehicle, though August 5, 2020. ECF 49 at ¶¶ 3–5, 8. Each time, an independent dealer fixed the issue under the warranty. *Id.* Plaintiffs admit that "all their presented concerns with the New Aire were timely repaired during the warranty period." *Id.* at ¶ 13. Accordingly, Plaintiffs cannot make out a breach of warranty claim because they cannot show that Defendant breached the express warranty during the applicable period.

Plaintiffs complain that the SilverLeaf system continues to malfunction. But the evidence in the record does not support this conclusion. While Plaintiffs allege that they have continued to have issues with their camera system as late as 2022, the technicians "said it had nothing to do with the SilverLeaf[.]" ECF 59-5, Ex. D at 19:6–7. Even if this disagreement amounted to a dispute of fact, this dispute is not material, because these alleged issues with the SilverLeaf occurred after the expiration of the express warranty and therefore could not create a breach of warranty claim. *Id.* at ¶¶ 9–12; *see also Anderson*, 477 U.S. at 248 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted.")

Accordingly, this Court finds that Defendant is entitled judgment as a matter of law on Plaintiffs' breach of warranty claim.

## B. Magnuson-Moss Warranty Act Claim

Defendant contends that it is entitled to summary judgment on Plaintiffs' Magnuson-Moss Warranty Act claim because Defendant complied with and fulfilled the obligations set forth under the Limited Warranty. ECF 52 at 8. Plaintiffs, in response, repeat their assertions that

issues with the SilverLeaf amount to a breach of warranty such that they can make out a

Magnuson-Moss Warranty Act claim. ECF 59 at 8.

Plaintiffs base their Magnuson-Moss Warranty Act claim on Defendant's alleged

violation of the factory warranty. ECF 1, Ex. A at ¶ 28. When a plaintiff sues under the

Magnuson-Moss Warranty Act to challenge the defendant's alleged breach of its warranties

under state law, "the claims under the Magnuson-Moss Act stand or fall with [the plaintiff's] . . .

warranty claims under state law." *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022, 1022

n.3 (9th Cir. 2008). As discussed above, this Court finds that Plaintiffs cannot make out a breach

of warranty claim because they cannot show that Defendant breached the express warranty

during the applicable period. Plaintiffs therefore cannot make out a claim for breach of warranty

under the Magnuson-Moss Act.

Accordingly, this finds that Defendant is entitled to judgment as a matter of law on

Plaintiffs' Magnuson-Moss Act claim.

**C.  Oregon Lemon Law Claim**

Defendant contends that it is entitled to summary judgment on Plaintiffs' claim pursuant

to O.R.S. 646A.404 ("Oregon Lemon Law") because the sole basis of Plaintiffs' claim is the

functioning of the SilverLeaf control panel, which is excluded from Oregon Lemon Law as a

"living facility component." ECF 52 at 8–9; *see also* O.R.S. 646A.400(3)(c) (excluding from the

definition of "motor home" "living facility components," which are "items designed, used or

maintained primarily for the living quarters portion of the motor home.").

Plaintiffs, who are represented by counsel, do not respond to Defendant's argument that

their claim under the Oregon Lemon Law fails as a matter of law. *See generally* ECF 59. This

Court finds Plaintiffs' failure to address Defendant's Oregon Lemon Law argument constitutes a

concession on the merits, and therefore further finds that Defendant is entitled to judgment in its favor on that claim. *See Yentz v. Nat'l Credit Adjusters, LLC*, No. 3:20-cv-01364-AC, 2021 WL 1277961, at *4 (D. Or. Feb. 15, 2021), report and recommendation adopted, 2021 WL 1270457 (Apr. 6, 2021) (collecting cases); *see also Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 888 (9th Cir. 2010) (finding that a plaintiff who makes a claim in his complaint but fails to raise the issue in response to a defendant's motion to dismiss has abandoned the claim); *Jenkins v. Cnty. of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) (finding that the plaintiff abandoned her claims by not raising them in opposition to the defendant's motion for summary judgment).

Moreover, even if Plaintiffs had not waived the issue, this Court finds that Defendants are entitled to judgment as a matter of law on Plaintiffs' Oregon Lemon Law claim. Plaintiffs allege that the SilverLeaf system continues to malfunction. But this malfunctioning would not create a violation of Oregon's Lemon Law, because the law specifically exempts "living facility components," defined as "those items designed, used or maintained primarily for the living quarters portion of the motor home." O.R.S. 646A.400(3)(c). Plaintiffs agree that the SilverLeaf "allows the occupant the option to remotely control *living facility components*, including pumps, lights and other features of the living quarters, from a central location." ECF 49 at ¶ 7 (emphasis added).

Accordingly, this Court finds that Defendant is entitled to judgment as a matter of law on Plaintiffs' Oregon Lemon Law claim.

///

///

///

///

PAGE 8 – OPINION AND ORDER GRANTING DEFENDANT NEWMAR
CORPORATION'S MOTION FOR SUMMARY JUDGMENT

## CONCLUSION

For the reasons stated above, this Court finds that this case does not present any genuine disputes of material fact and that Defendant is entitled to judgment as a matter of law on all of Plaintiffs' claims.

**IT IS SO ORDERED.**

DATED this 14th day of August, 2023.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

PAGE 9 – OPINION AND ORDER GRANTING DEFENDANT NEWMAR
CORPORATION'S MOTION FOR SUMMARY JUDGMENT