IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**DAWN L. SARKISIAN** and **DANIEL S. SARKISIAN**, individuals,

        Plaintiffs,

    v.

**NEWMAR INDUSTRIES, INC.**, aka **NEWMAR CORPORATION**, a foreign profit corporation,

        Defendant.

Case No. 3:21-cv-01123-IM

**ORDER GRANTING IN PART DEFENDANT'S MOTION FOR ATTORNEY'S FEES AND COSTS**

Sara Douglass, Lemon Law Group Partners, 10260 SW Greenburg Road, Suite 400 #522, Portland, OR 97223. Edward L. Ewald, 1198 South Creek Drive, Wixom, MI 48393. Attorneys for Plaintiffs.

Eric Scott DeFreest, Luvaas Cobb, 777 High Street, Suite 300, PO Box 10747, Eugene, OR 97440. Attorney for Defendant Newmar Corporation.

**IMMERGUT, District Judge.**

       This Court granted Defendant Newmar Corporation's Motion for Summary Judgment as

to all claims brought by Plaintiffs Daniel and Dawn Sarkisian: a state law breach of warranty

claim, a Magnuson-Moss Warranty Act claim, and a state Lemon Law claim. ECF 61. Defendant

PAGE 1 – OPINION AND ORDER ORDER GRANTING IN PART DEFENDANT'S MOTION FOR ATTORNEY'S FEES AND COSTS

now moves for $43,726.70 in attorney's fees and $12,270.43 in costs under O.R.S. 646A.412(3). Defendant's Motion for Attorney's Fees and Costs ("Def.'s Mot."), ECF 63; First Declaration of Eric S. DeFreest ("First DeFreest Decl."), ECF 64. Plaintiffs oppose the awarding of attorney's fees and costs, as well as the amount requested by Defendant. Plaintiffs' Response to Defendant's Mot. ("Pls.' Resp."), ECF 65. On reply, Defendant requests another $600.00 for fees relating to this motion. Defendant's Reply in Support of Attorney's Fees and Costs (Def.'s Reply), ECF 66 at 6. For the reasons discussed below, Defendant's Motion for Attorney's Fees and Costs is GRANTED in part as modified by this Opinion and Order. Defendant is awarded $14,888.23 in attorney's fees and $8,180.29 in costs, resulting in a total award of $23,068.52.

## DISCUSSION

### A. Attorney's Fees

As this Court's jurisdiction in this case is based on diversity, Oregon state law applies for awarding attorney's fees. *See Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 973 (9th Cir. 2013) ("The Supreme Court held in *Alyeska Pipeline Service Co. v. Wilderness Society* that for *Erie Railroad Co. v. Tompkins* purposes, state law on attorney's fees is substantive, so state law applies in diversity cases." (citations omitted)). Under O.R.S. 646A.412(3), a "court may award reasonable attorney fees, fees for expert witnesses and costs to the prevailing party in an appeal or action under ORS 646A.400 to 646A.418 that involves a motor home." The underlying action included a claim under O.R.S. 646A.404, and this Court granted summary judgment in Defendant's favor as to all of Plaintiffs' claims, meaning Defendant is the prevailing party. O.R.S. 20.077. This Court thus has the discretion to award reasonable attorney's fees and costs.

1. **Relevant Law**

Under O.R.S. 20.075(1), courts consider eight factors in determining whether to award

attorney's fees:

> (a) The conduct of the parties in the transactions or occurrences that gave rise to the litigation, including any conduct of a party that was reckless, willful, malicious, in bad faith or illegal.
>
> (b) The objective reasonableness of the claims and defenses asserted by the parties.
>
> (c) The extent to which an award of an attorney fee in the case would deter others from asserting good faith claims or defenses in similar cases.
>
> (d) The extent to which an award of an attorney fee in the case would deter others from asserting meritless claims and defenses.
>
> (e) The objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings.
>
> (f) The objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute.
>
> (g) The amount that the court has awarded as a prevailing party fee under ORS 20.190.
>
> (h) Such other factors as the court may consider appropriate under the circumstances of the case.

O.R.S. 20.075(1).

If a court exercises its discretion to award fees, O.R.S. 20.075(2) provides nine factors for

determining the amount of reasonable attorney's fees:

> (a) The time and labor required in the proceeding, the novelty and difficulty of the questions involved in the proceeding and the skill needed to properly perform the legal services.
>
> (b) The likelihood, if apparent to the client, that the acceptance of the particular employment by the attorney would preclude the attorney from taking other cases.
>
> (c) The fee customarily charged in the locality for similar legal services.

PAGE 3 – OPINION AND ORDER ORDER GRANTING IN PART DEFENDANT'S
MOTION FOR ATTORNEY'S FEES AND COSTS

(d) The amount involved in the controversy and the results obtained.

(e) The time limitations imposed by the client or the circumstances of the case.

(f) The nature and length of the attorney's professional relationship with the client.

(g) The experience, reputation and ability of the attorney performing the services.

(h) Whether the fee of the attorney is fixed or contingent.

(i) Whether the attorney performed the services on a pro bono basis or the award of attorney fees otherwise promotes access to justice.

O.R.S. 20.075(2).[1]

Oregon law requires that "[w]hen a party prevails in an action that encompasses both a claim for which attorney fees are authorized and a claim for which they are not, the trial court must apportion attorney fees, except when there are issues common to both claims." *Alexander Mfg., Inc. Emp. Stock Ownership & Tr. v. Ill. Union Ins. Co.*, 688 F. Supp. 2d 1170, 1179–80 (D.

---

[1] Federal courts also apply the following factors, known as the *Kerr* factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), *abrogated on other grounds by City of Burlington v. Dague*, 505 U.S. 557 (1992). These factors are "similar to those the Oregon legislature has directed courts to consider in determining whether to award attorneys' fees, and if so, in what amount." *Graham v. Forever Young Or., LLC*, No. 3:13–cv–01962–HU, 2014 WL 4472702, at *3 (D. Or. Sept. 10, 2014).

PAGE 4 – OPINION AND ORDER ORDER GRANTING IN PART DEFENDANT'S MOTION FOR ATTORNEY'S FEES AND COSTS

Or. 2010) (quoting *Bennett v. Baugh*, 164 Or. App. 243, 247 (1999)). If the claims involve common legal issues, "fees are not subject to apportionment on the theory that the party entitled to fees would have incurred roughly the same amount of fees irrespective of the additional claim or claims." *Bennett*, 164 Or. App. at 248; *Perry v. Hernandez*, 265 Or. App. 146, 149 (2014). "A trial court is given wide discretion in making the necessary factual determinations imposed by the legal requirement to segregate claims that are covered by an attorney fees provision from those that are not." *Malot v. Hadley*, 102 Or. App. 336, 341 (1990) (citation omitted).

When analyzing the statutory factors, the court need only include "'a brief description or citation to the factor or factors on which it relies'; the court ordinarily has no obligation to make findings on statutory criteria that play no role in the court's decision." *Frakes v. Nay*, 254 Or. App. 236, 255 (2012) (quoting *McCarthy v. Or. Freeze Dry, Inc.*, 327 Or. 185, 190–91 (1998)). Still, courts must "show their work when calculating attorney's fees." *United States v. $28,000.00 in U.S. Currency*, 802 F.3d 1100, 1108 (9th Cir. 2015) (quoting *Padgett v. Loventhal*, 706 F.3d 1205, 1208 (9th Cir. 2013)).

### 2. Review of Statutory Factors

As explained in detail below, this Court finds that the relevant factors weigh in favor of granting an attorney's fees award, but the amount Defendant seeks is unreasonable.

#### a. O.R.S. 20.075(1)

Factors (b), (c), and (d) are relevant for determining whether an award is appropriate in this case. Although the Lemon Law claim may not have objectively lacked merit at the outset of this action, it became meritless as the litigation proceeded. In October 2022, Defendant informed Plaintiffs that the Lemon Law claim was not viable under the plain terms of O.R.S. 646A.400. Second Declaration of Eric S. DeFreest, Ex. B, ECF 67-2. Defendant asked if Plaintiffs would be

willing to dismiss certain claims or further pursue mediation. *Id.* Plaintiffs did not dismiss the claim, and Defendant moved for summary judgment five months later. ECF 52. Defendant devoted one page of its Motion for Summary Judgment to the Lemon Law claim, ECF 52 at 8–9, and Plaintiffs' response to that motion did not address the claim at all, ECF 59; ECF 61 at 7–8. Now, in their response to the instant motion, Plaintiffs acknowledge that the claim "turned on a simple fact" and "should have been disposed of early in the case." Pls.' Resp., ECF 65 at 8. Under these facts, this Court finds that pursuing the Lemon Law claim became objectively unreasonable as the litigation proceeded, and awarding attorney's fees here would not deter parties from seeking meritorious claims, but rather would deter the pursuit of meritless claims.

### b.  O.R.S. 20.075(2)

Defendant asks this Court to award $43,726.70 in fees for 258.2 hours of attorney and paralegal work. Def.'s Mot., ECF 63 at 4; First DeFreest Decl., ECF 64 ¶ 4. It also requests an additional $600.00 for preparing its reply in the instant motion. Def.'s Reply, ECF 66 at 6.

Of the 20.075(2) factors, factors (a), (c), and (g) are relevant for this Court's lodestar analysis. *See Roblin v. Newmar Corp.*, Civ. No. 6:17–cv–1902–MC, 2020 WL 2572530, at *2 (D. Or. May 21, 2020), *aff'd*, 859 F. App'x 171 (9th Cir. 2021). "Factor (a) generally relates to the reasonableness of the number of hours expended by counsel for the prevailing party, factors (c) and (g) generally relate to the reasonableness of the hourly rates charged . . . ." *Id.* (quoting *O'Connor v. Cnty. of Clackamas Eyeglasses*, Case No. 3:11–cv–01297–SI, 2016 WL 3063869, at *2 (D. Or. May 31, 2016), *aff'd*, 729 F. App'x 586 (9th Cir. 2018)). This Court first addresses the reasonableness of the hourly rates charged by counsel for Defendant and then the reasonableness of the number of hours expended.

### i.    Factors (c) and (g) – Reasonableness of Hourly Rates

For attorneys DeFreest and Burgott, both of whom are partners with more than thirty years of experience, the requested hourly rate is $195. First DeFreest Decl., ECF 64 ¶ 4. For attorney Brown, who has one year of experience, the requested hourly rate is $155. *Id.* For attorney Bond, who has less than a year of experience, the requested hourly rate is $150. *Id.* For paralegals Cooper Olson and Workman, the requested hourly rate is $75. *Id.*

The party seeking fees has the burden to show "the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." *Jordan v. Multnomah County*, 815 F.2d 1258, 1263 (9th Cir. 1987). "Affidavits of [the] attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting . . . rate[s] for the . . . attorney[s], are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). The initial benchmark for attorney rates in this court is the Oregon State Bar ("OSB") Economic Survey. *Sterling Sav. Bank v. Sequoia Crossing*, Civ. No. 09–555–AC, 2010 WL 3210855, at *8 (D. Or. Aug. 11, 2010) (citation omitted). The average rate provides a starting point, which may be adjusted to account for factors such as experience, reputation, and the ability of the attorney performing the service. *Or. Realty Co. v. Greenwich Inc.*, No. 3:12–cv–00200–MO, 2013 WL 3287092, at *4 (D. Or. June 28, 2013).

The most recent OSB Economic Survey is from 2022, and it reflects that lawyers in the Lower Willamette Valley who have been admitted to practice for over thirty years bill at hourly rates of $349 mean and $325 median.[2] For attorneys with between zero and three years of

---

[2] Defendant claims that the OSB Economic Survey reflects an hourly billing rate of $336 mean and $300 median for attorneys with more than 30 years of experience. However, those figures appear to be for attorneys with 13 to 15 years of experience. *See 2022 Economic Survey:*

PAGE 7 – OPINION AND ORDER ORDER GRANTING IN PART DEFENDANT'S MOTION FOR ATTORNEY'S FEES AND COSTS

experience, the hourly billing rate in that area is $223 mean and $230 median. The rates sought

by Defendant are all below the average rates for attorneys with the same amount of experience

from the same region. Defendant's requested hourly rates for the attorneys are reasonable.

Defendant also seeks an hourly rate of $75 for its paralegals. Although the OSB

Economic Survey contains no information regarding paralegal billing rates, judges in this

District have noted that a reasonable hourly rate for a paralegal should not exceed that of a first-

year associate. *Knowledge Learning Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, No. CV–

10–188–ST, 2011 WL 2133824, at *6 (D. Or. Apr. 19, 2011), *report and recommendation*

*adopted*, 2011 WL 2115631 (D. Or. May 27, 2011); *see also HMM Enters. LLC v. Geppert*, No.

3:12–cv–01874–MO, 2013 WL 3461922, at *2 (D. Or. July 9, 2013) (finding requested hourly

rates of $100 and $90 reasonable as they were below average for first-year associate and "in line

with other paralegal fee awards"). The requested hourly rate of $75 for the paralegals is

reasonable.

### ii.  Factor (a) – Reasonableness of Hours Expended

For the reasons discussed below, the number of hours expended by counsel for Defendant

is unreasonable. This Court strikes time entries for clerical and administrative tasks, and it

reduces the remaining fees by sixty-six percent to reflect a reasonable apportionment for the fee-

authorized claim.

Plaintiffs contend that some time entries are for clerical and administrative tasks, which

are not properly reimbursable in an attorney's fees award. Pls.' Resp., ECF 65 at 8; *see also*

*Alexander Mfg., Inc. Emp. Stock Ownership & Tr.*, 688 F. Supp. 2d at 1184. Defendant does not

---

*Report of Findings*, Oregon State Bar 42–43 (Mar. 2023),
https://www.osbar.org/_docs/resources/Econsurveys/22EconomicSurvey.pdf.

contest that this Court may excise such tasks from the award. Def.'s Reply, ECF 66 at 5. This

Court has an independent duty to review the fee petition for reasonableness, including

identifying and excising any clerical tasks. "Tasks considered clerical include, but are not limited

to, filing motions with the court, filling out and printing documents, preparing affidavits and

drafting certificates of service, organizing files, calendaring dates, rescheduling depositions, and

sending documents." *Sterling Sav. Bank*, 2010 WL 3210855, at *7; *see also Malbco Holdings,*

*LLC v. AMCO Ins. Co.*, No. CV–08–585–ST, 2010 WL 2572849, at *10 (D. Or. June 22, 2010).

Along with the entries Plaintiffs contest as clerical or administrative, this Court upon

independent review reduces the fee award by $862.00, which reflects entries for clerical tasks.[3]

Plaintiffs also argue that, because only one of the claims authorizes an award of

attorney's fees, Defendant cannot recover all of its requested fees and this Court must apportion

the award. Pls.' Resp., ECF 65 at 4–5, 8. Defendant responds that the claims were "intertwined

and inseparable because [they all] involved the motor home" and arose from "the same facts and

circumstances," making apportionment inappropriate. Def.'s Reply, ECF 66 at 2, 5. This Court

finds that apportionment is appropriate. While the claims stem from the same underlying facts,

---

[3] This Court has excised the following entries: January 11, 2022 (0.2 hours for calendaring); May 10, 2022 (0.8 hours for booking travel); July 14, 2022 (0.2 hours for rescheduling depositions); August 31, 2022 (0.1 hours for scheduling reporter for rescheduled deposition); September 16, 2022 (0.2 hours for providing exhibits); October 12, 2022 (0.2 hours for downloading and printing discovery); October 17, 2022 (0.1 hours for providing access to depositions); October 20, 2022 (1.9 hours for preparing indexes of depositions and transcribing notes); October 21, 2022 (1.6 hours for preparing and revising index of deposition); October 26, 2022 (0.5 hours updating deposition index); November 4, 2022 (0.3 hours scheduling second mediation); November 16, 2022 (0.3 setting start time for second mediation); November 28, 2022 (0.1 hours gaining access to mediation); January 20, 2023 (0.1 hours documenting attempted conferral); April 28, 2023 (0.2 hours finalizing and issuing reply brief).

PAGE 9 – OPINION AND ORDER ORDER GRANTING IN PART DEFENDANT'S
MOTION FOR ATTORNEY'S FEES AND COSTS

the underlying legal issues are distinct. Defendant's counsel would not have expended the same hours had Plaintiffs not brought the breach of warranty and Magnuson-Moss claims.

Defendant does not appear to have excised time spent on solely the breach of warranty and Magnuson-Moss claims, nor has it proposed a percentage reduction to ensure its requested award reasonably reflects the time spent on the Lemon Law claim. Because the fee report provides insufficient detail to allow for the elimination of entries with specificity, a percentage reduction is appropriate. *See Rosekrans v. Class Harbor Ass'n, Inc.*, 228 Or. App. 621, 640, 209 P.3d 411, 423 (2009) (explaining that "[t]he trial court was well within its discretion" to reduce a fee award by ten percent "to represent a reasonable allocation between time spent on fee[-generating] claims and on other matters" (alterations in original)); *Hoffman v. Foremost Signature Ins. Co.*, Civil No. 6:12–CV–01534–MC, 2014 WL 911274, at *5 (D. Or. Mar. 10, 2014) (finding that "thirty percent of plaintiff's attorney expenses can be reasonably apportioned" to the fee-generating claim); *see also Schwarz v. Sec'y of Health & Hum. Servs.*, 73 F.3d 895, 899–900, 906 (9th Cir. 1995) (affirming seventy-five percent cut to the number of hours billed where plaintiff succeeded on only twenty-five percent of his claims); *Gates v. Deukmejian*, 987 F.2d 1392, 1400 (9th Cir. 1992). This Court finds that a sixty-six percent reduction in fees is appropriate. Defendant succeeded in defending against all three of Plaintiffs' claims, but Oregon law authorizes reasonable attorney's fees for only one of those claims.

### c. Summary of Attorney's Fees Findings

This Court awards Defendant $14,288.23 in attorney's fees. This award reflects the elimination of time spent on clerical and administrative tasks, and then a reduction by sixty-six percent to account for an appropriate apportionment between the non-fee-authorized and fee-authorized claims. This Court also recognizes that "Oregon law clearly allows the recovery of

fees for services provided in conjunction with the recovery of underlying fees." *Wentz v. Progressive Direct Ins. Co.*, Case No. 3:21–cv–00473–MO, 2021 WL 5798048, at *2 (D. Or. Dec. 6, 2021) (citing *Emerald People's Util. Dist. v. Pacificorp*, 104 Or. App. 504, 507 (1990)). This Court awards the additional $600.00 requested by Defendant for fees relating to its reply in the instant motion. The total attorney's fees awarded are $14,888.23.

## B.  Costs

Defendant Newmar also seeks $12,270.43 in costs. Def.'s Mot., ECF 63 at 4. Federal Rule of Civil Procedure 54(d) governs an award of standard costs in federal district court, even in diversity cases. *Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1022 (9th Cir. 2003). Under Federal Rule of Civil Procedure 54(d)(1), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." "[Rule 54(d)(1)] creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Ass'n of Mexican-American Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000) (en banc) (citing *Nat'l Info. Servs., Inc. v. TRW, Inc.*, 51 F.3d 1470, 1471 (9th Cir. 1995)).

Defendant's costs include filing fees, mediation fees, expenses related to travel for a site inspection, and fees for deposition reporting and transcripts. First DeFreest Decl., ECF 64, Ex. A at 22–23. These costs are either recoverable under 28 U.S.C. § 1920 or as part of an award of attorney's fees because "it is 'the prevailing practice in a given community' for lawyers to bill those costs separately from their hourly rates." *Trs. of the Constr. Indus. & Laborers Health & Welfare Tr. v. Redland Ins. Co.*, 460 F.3d 1253, 1256, 1258–59 (9th Cir. 2006) (quoting *Missouri v. Jenkins*, 491 U.S. 274, 286–87 (1989)). Defendant has established that here. *See* First DeFreest Decl., ECF 64 ¶ 10 ("Litigation expenses . . . were billed separately from attorney fees in

PAGE 11 – OPINION AND ORDER ORDER GRANTING IN PART DEFENDANT'S MOTION FOR ATTORNEY'S FEES AND COSTS

accordance with our firm's standard practices and the prevailing custom in this legal community.").

Although these costs are recoverable, the records submitted by Defendant do not provide detail as to which claim or legal issue any particular charge is associated with. Without more, this Court cannot tell whether the full amount of costs sought is related to the Lemon Law claim, as opposed to the breach of warranty and Magnuson-Moss claims. Because Defendant provided insufficient detail to allow for the elimination of entries with specificity, a percentage reduction is appropriate. Therefore, this Court reduces the award by thirty-three percent, for a total of $8,180.29. This Court has reduced the award by less than sixty-six percent—the percent that could be applied because the Lemon Law claim is one of three claims—because it is reasonable to assume that the factual issues giving rise to the significant site visit and inspection expenses were largely common between all claims and were thus necessary to explore in defending against the Lemon Law claim.

## CONCLUSION

Defendant's Motion for Attorney's Fees and Costs, ECF 63, is GRANTED in part as modified by this Opinion and Order. Defendant is awarded $14,888.23 in attorney's fees and $8,180.29 in costs, resulting in a total award of $23,068.52.


**IT IS SO ORDERED.**

DATED this 16th day of November, 2023.


/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge


PAGE 12 – OPINION AND ORDER ORDER GRANTING IN PART DEFENDANT'S
MOTION FOR ATTORNEY'S FEES AND COSTS